Frank J. Kronenberg, J.
Defendant operates a restaurant and barrom, located in the City of Tonawanda, New York, and as such, it is open to the public. In the past few years, he has evolved a policy of refusing to serve long-haired male customers, presumably on the basis that such service would in some way jeopardize his liquor license. Plaintiffs are a class of persons, male, with long hair, who have been refused and who continue to be refused service in this restaurant and barroom. No refusal of service is known to have occurred concerning long-haired females at defendant’s place of business.
Plaintiff contends that the undenied action on the part of the defendant contravenes subdivision 2 of section 296 of the Executive Law which provides that it is an unlawful discriminatory practice for a place of public accommodation to deny the facilities to a person because of his or her sex. Defendant’s premises are clearly a place of public accommodation as defined in said statute (Executive Law, § 292, subd. 9).
Plaintiff has moved for summary judgment declaring the action on the part of the defendant is unlawful and enjoining the same.
Plaintiff’s contention that he is being discriminated against because he, as a man with long hair, will not be served, while a woman wdth even longer hair will be served is a unique contention. However, the fact of the matter is that the defendant will not serve a man with long hair and such refusal does constitute a discrimination and under the circumstances of this case it can be called a discrimination based on sex.
Since there is no question of fact and since defendant’s action is unlawful, plaintiff’s motion for summary judgment should be granted permanently restraining defendant from refusing to ■serve male patrons due to the fact that their hair is long.